Nancy R. BASS and Kenneth B. Bass, a/k/a K. B. Bass, Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, Defendant.

Civ. A. No. 1920.

United States District Court
N. D. Florida,
Pensacola Division.

Oct. 22, 1968.

T. Sol. Johnson, of Johnson & Johnson, Milton, Fla., for plaintiffs.

Frank C. Bozeman of Harrell, Caro, Middlebrooks & Wiltshire, Pensacola, Fla., for defendant.

## OPINION

ARNOW, District Judge.

This case presents an excellent example of effective use of pre-trial technique by attorneys working efficiently with each other and the Court. Recognizing there was only one issue really in dispute, the attorneys, by pre-trial stipulation, agreed on all other matters involved. Thus, the trial was focused on the only real issue in dispute, preparation and trial time was saved, the attorneys were able to devote their full attention to the one real issue, and it was presented by both sides thoroughly and ably to the Court for decision. Time of the Court was also saved, and the Court was permitted to concentrate on the real issue presented for decision of this case.

This case came to this Court for decision by removal from the Circuit Court of Santa Rosa County, Florida; it was properly removed, as the Court has jurisdiction by reason of the diversity of citizenship of the parties and the amount in controversy being in excess of $10,000.00.

Plaintiffs brought suit against the Defendant because of obligations allegedly owed to the insured by the Defendant arising out of an insurance contract which the Defendant claims had been voided ab initio by it. Plaintiffs sought to recover certain monies involved, as well as declaratory judgment; the Defendant counterclaimed against the Plaintiffs for certain monies paid on Plaintiffs behalf prior to the time it alleged it voided the policy.

By the pre-trial stipulation approved by the Court, the issuance of the insurance contract was admitted, as well as the collision losses claimed by the Plaintiffs. The amount of the counterclaim by Defendant against the Plaintiff KENNETH BASS was also admitted. The Plaintiffs admitted previous cancellations of automobile insurance policies by other insurance companies; the Defendant admitted that the Plaintiff KENNETH BASS told its agents about the cancellation by one company, Glens Falls, at the time of issuance of the policy.

The parties thus narrowed the matter presented for trial and decision to one issue. As they phrased it in the pre-trial stipulation:

"The parties agree that if the trier of the facts concludes that Plaintiff KENNETH BASS did reveal to Allstate's agents the fact that he had been cancelled by insurance companies other than Glens Falls and that notwithstanding such revelations Allstate issued the policy of insurance, the Plaintiffs are entitled to recover damages and are entitled to a declaratory judgment in their favor. The parties further agree that if the trier of the facts concludes that Plaintiff KEN-

NETH BASS revealed to Allstate's agents only the Glens Falls cancellation and did not reveal to them any other cancellations, the Defendant is entitled to prevail both in the principal action and in the counterclaim."

The case has been tried before the Court without a jury, and the testimony of the parties has been taken and argument of counsel has been heard.

Before the Court is testimony that, in many material respects, the Court is unable to reconcile, and so, as a trier of fact, must accept that which the Court feels is believable and reject that which it does not feel is believable.

The testimony presented by Defendant in support of its position is believable, credible and persuasive. The Court finds as a fact that the Plaintiffs failed to reveal to the Defendant the fact of the cancellation by other insurance companies of automobile liability insurance policies referred to in this pre-trial stipulation, that such failure to reveal such cancellations was material to the acceptance of the risk by the Defendant in that the Defendant would not have accepted the risk had it known of the cancellations, and that the Defendant, by reason thereof, had a right to declare, as it did declare, the insurance policy issued by it in this suit null and void ab initio. It follows, by virtue of the foregoing, that the insurance policy of the Defendant involved in this action must be declared and adjudged to be null and void ab initio, that the Plaintiffs are entitled to no recovery on their complaint against the Defendant, and that judgment thereon should be entered against them. It also follows the Defendants should recover from the Plaintiff KENNETH B. BASS, the amount of $761.77, being the amount paid to such Plaintiff representing collision coverage payments in connection with two accidents involving his vehicles prior to the rescission and cancellation of the insurance policy by the Defendant.

Judgment will be entered in accordance with the foregoing, with costs taxed against the Plaintiff.